UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                           18-cr-459 (PKC)

      -against-

                                                                           ORDER

JULIO RODRIGUEZ,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        Defendant Julio Rodriguez pled guilty to one count of conspiracy to commit wire and mail fraud affecting financial institutions in violation of 18 U.S.C. § 1349, and one count of committing wire fraud affecting a financial institution in violation of 18 U.S.C. § 1343. (Jan. 14, 2019 Plea Tr. (Doc 11).) On June 14, 2019, this Court sentenced Rodriguez to 6 months' imprisonment and one year of supervised release. (June 14, 2019 Sentencing Tr. (Doc 28).) On January 30, 2020, the Court further ordered Rodriguez to pay restitution in the amount of $30,763.13. (Order of Jan. 30, 2020 (Doc 41).) Rodriguez, by his counsel, now moves for modification of the terms of his imprisonment pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), signed into law on December 21, 2018. (Doc 42.) He argues that, due to the pandemic presently striking the nation and the City of New York, he has an enhanced risk of contracting COVID-19 at the Metropolitan Detention Center ("MDC"), where he is currently incarcerated, and therefore that his early release is necessary to protect his health.

        For the reasons described at some length in United States v. Woodson, No. 18-cr-845, 2020 WL 1673253 (S.D.N.Y. Apr. 6, 2020), the Court denies Rodriguez's motion without prejudice for failure to exhaust administrative remedies. As this Court concluded in Woodson,

the First Step Act provides a 30-day window for the Bureau of Prisons ("BOP") to act and, only if a prisoner has exhausted his BOP administrative remedies or the 30-day period has expired, may a prisoner make application to the Court. Id. at *1. As Rodriguez's submission concedes, he made a request of the MDC warden via his counsel on March 26, 2020, and counsel further followed up with the warden on April 9, 2020. (Doc 42 at 1; id. Ex. A.) The MDC acknowledged receipt of Rodriguez's request on April 10, 2020, but the BOP has not yet rendered a decision, nor has the 30-day window for the BOP to act elapsed. (Doc 42, Ex. B.)

Rodriguez's motion for sentence modification is DENIED without prejudice. The Clerk is directed to terminate the motion (Doc 42). The Court expresses the hope that the BOP will state its position in a reasoned determination of Rodriguez's application. If the BOP anticipates that it will be unable to address the merits of Rodriguez's application, it should deny his application now and thereby open his pathway to seek judicial relief. For the agency to make the advance decision to allow the 30-day window to run out, but not to act to deny the application would be irresponsible.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
      April 14, 2020